# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GRANGERS INTERNATIONAL LIMITED,

      Plaintiff,

v.

DOUG BURLEY,

      Defendant.

Case No.

Hon.

---

Andrew J. Kolozsvary (P68885)
John F. Rhoades (P75575)
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, Michigan 48243
(313) 568-6800
*Attorneys for Plaintiff*
AKolozsvary@dykema.com
JRhoades@dykema.com

---

## COMPLAINT

Plaintiff Grangers International Limited ("Grangers") alleges as follows for its Complaint against Defendant Doug Burley ("Mr. Burley"):

## NATURE OF DISPUTE

1. This is an action to recognize and enforce a foreign money judgment pursuant to Michigan's Uniform Foreign-Country Money Judgments Recognition Act, M.C.L. § 691.1131 et seq. (the "Act").

2. On September 10, 2020, Grangers commenced legal proceedings in the Circuit Commercial Court in the High Court of Justice Business and Property Courts in Leeds, England (the "High Court") assigned number CC-2020-LDS-000028 (the "Foreign Action") against Mr. Burley for his diversion of funds owed to Grangers and his conversion of Grangers' products. Copies of Grangers' Claim Form and Particulars of Claim are attached as **Exhibit A**.

3. On October 9, 2020, the High Court entered an order granting Grangers permission to serve Mr. Burley in the United States.

4. The Claim Form and associated documents were duly served on Mr. Burley in accordance with that order on December 3, 2020.

5. On December 22, 2020, Mr. Burley acknowledged service by filing an Acknowledgment of Service form.

6. Under Rule 11(4)(a) of the Civil Procedure Rules for England and Wales, a defendant who files an Acknowledgment of Service form and declares on that form that he disputes the court's jurisdiction must make an application to challenge that jurisdiction within 14 days of filing the Acknowledgment of Service form.

7. Mr. Burley did not apply to challenge jurisdiction within 14 days of filing his Acknowledgment of Service, or at all.

2

8. Under Rule 11(5) of the Civil Procedure Rules, if a defendant files an Acknowledgment of Service form and fails to file an application to contest the court's jurisdiction within 14 days, then the defendant is treated as having accepted that the Courts of England and Wales have jurisdiction to try the claim.

9. Therefore, as Mr Burley did not apply to challenge jurisdiction within 14 days of filing his Acknowledgment of Service form, he accepted that the Courts of England and Wales had jurisdiction to try the claim under the applicable rules.

10. On December 31, 2020, Mr. Burley filed a Defence in the Foreign Action, a copy of which is attached as **Exhibit B**.

11. On February 3, 2021 and February 11, 2021 the High Court entered orders noting that Mr Burley had not applied to challenge jurisdiction within 14 days of filing his Acknowledgment of Service.

12. On February 10, 2021, Grangers applied for summary judgment in the High Court.

13. On February 11, 2021, the High Court scheduled Grangers' application for summary judgment for hearing on August 23, 2021.

14. Mr. Burley acknowledged receipt of the summary judgment application and notice of the August 23, 2021 hearing.

15. On August 23, 2021, Mr. Burley appeared via Cloud Video Platform ("CVP") for the hearing and made arguments about the substance of Grangers' claim and application for summary judgment. *See* **Exhibits C & D**.

16. After hearing argument from counsel for Grangers and from Mr. Burley, both by CVP, the High Court ruled that it had personal jurisdiction over Mr. Burley, noting that Mr. Burley (a) had not followed the process for disputing jurisdiction; (b) had submitted to the jurisdiction of the Courts of England and Wales by filing a Defence; (c) would have been unable to object to jurisdiction in any event because he had agreed to the exclusive jurisdiction of the Courts of England and Wales in an earlier agreement; and (d) due process was not affected because the matter would have been heard by CVP even had Mr. Burley been in England.

17. The High Court then entered two orders against Mr. Burley and in favor of Grangers.

18. First, the High Court ordered Mr. Burley to return converted goods to Grangers by August 30, 2021 or pay Grangers $48,000 and further ordered payment of £30,000.00 in costs by September 6, 2021. A copy of this order is attached as **Exhibit C**.

19. Second, the High Court ordered Mr. Burley to pay $97,601.18 to Grangers by September 6, 2021. A copy of this order is attached as **Exhibit D**. This order related to Mr. Burley's diversion of funds owed to Grangers.

20. These orders (collectively, the "Judgments") are final, valid and binding.

21. Mr. Burley has not returned any of the converted goods to Grangers or paid or satisfied any portion of the Judgments.

22. This Court should recognize and enforce the Judgments pursuant to the Act.

## PARTIES, JURISDICTION, AND VENUE

23. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because Grangers is a citizen of England, Mr. Burley is a citizen of Michigan, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney's fees.

24. For purposes of diversity jurisdiction, Grangers is a citizen of a foreign state. Grangers is a limited company registered in England with its principal place of business in England.

25. Mr. Burley, a natural person, is domiciled in Michigan and is a citizen of Michigan for purposes of diversity jurisdiction.

26. Complete diversity exists because Grangers is a citizen of England and Mr. Burley is a citizen of Michigan.

27. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney's fees.

28. Venue is proper in the Eastern District of Michigan, Southern Division because Mr. Burley resides in Bloomfield Hills, Michigan.

## GENERAL ALLEGATIONS

29. Grangers is engaged in the manufacture and supply of products for the protection and care of outdoor apparel and footwear.

30. Mr. Burley was engaged in the business of distributing such products.

## GRANGERS AND MR. BURLEY ENTER INTO A SELLER-DISTRIBUTOR RELATIONSHIP IN 2014

31. In 2014, Grangers started to deal with Mr. Burley as a distributor in the United States of America.

32. At the same time, Grangers began using a fulfillment house in the United States operated by National Fulfilment Services ("NFS") to supply its products to purchasers.

33. Mr. Burley's role was to promote Grangers' products, broker sales, and provide sales predictions which, from time to time, informed the level of inventory or stock Grangers maintained at NFS.

34. Mr. Burley was paid a commission on the goods sold.

35. At no time did title to Grangers' products pass to Mr. Burley.

## MR. BURLEY OPENS ACCOUNTS FOR GRANGERS

36. In 2015 and 2016, Mr. Burley opened two accounts on behalf of Grangers with Grangers' customers Amazon and Amazon Canada (the "Vendor Central Accounts").

37. The Vendor Central Accounts recorded orders placed by Amazon and Amazon Canada, amounts due to Grangers from such orders, and the payments made to Grangers by Amazon and Amazon Canada.

38. Mr. Burley retained control of the Vendor Central Accounts and had the ability to specify the bank account to which payments would be made from the Vendor Central Accounts.

39. Originally, the account designated for payments from the Vendor Central Accounts was an account held by Grangers (the "Grangers US Account").

## GRANGERS AND MR. BURLEY ENTER INTO A WRITTEN DISTRIBUTION AGREEMENT

40. On October 1, 2017, Grangers and Mr. Burley entered into a written distribution agreement ("the Agreement"). An unsigned copy of the Agreement is attached to the Particulars of Claim (Exhibit A) at Annex 1.

41. The Agreement was drawn under English law and subject to the jurisdiction of the English Courts.

42. In or around February 2019, Mr. Burley proposed to Grangers that he would open a Fulfillment by Amazon seller account ("Amazon FBA Seller Account") to distribute Grangers' products.

43. In March, 2019, Mr. Burley opened such an Amazon FBA Seller Account without Grangers' approval.

44. Mr. Burley originally specified Grangers' US Account as the bank account to which payments from the Amazon FBA Seller Account would be made.

45. In May 2019, Grangers agreed to Mr. Burley's proposal to open an Amazon FBA seller account, not knowing that he had already opened one, on the conditions that he would (a) provide Grangers with transaction information on request, (b) be authorized to instruct NFS to transfer Grangers' products to Amazon's facilities for the proposed Amazon FBA Seller Account, (c) direct payments to Grangers' US Account, and (d) be paid a commission on sales made through this channel according to the terms of the Agreement.

**TRANSFER OF EXCLUSIVE RIGHT TO SUPPLY**

46. In July 2019, during a meeting between Grangers' Sales Director and Mr. Burley, it was agreed that another company would take over distribution of Grangers-branded products in the United States, that Mr. Burley would retain the right to distribute certain products, and that Mr. Burley would continue to receive

8

commissions for the remainder of the term of the Agreement, through September 30, 2020.

### MR. BURLEY BREACHES THE AGREEMENT AND CONVERTS GRANGERS' FUNDS AND PROPERTY

47. On December 14, 2019, Mr. Burley began diverting payments from the Amazon FBA Seller Account to his own personal bank account.

48. The total amount diverted was at least $97,601.18.

49. On March 11, 2020, as a result of Mr. Burley's misconduct and breach of the Agreement, Grangers terminated the Agreement.

50. The High Court confirmed that termination and declared in its August 24, 2021 order (Exhibit C) that the Agreement was terminated on March 11, 2020.

51. Following transfer of the exclusive right to sell and termination of the Agreement, Mr. Burley no longer had any right to distribute Grangers' products.

52. Further, Mr. Burley had (and has) no authority to sell, dispose of, or otherwise deal with Grangers' products, whether stored with NFS or Amazon.

53. Mr. Burley refused to give Grangers control of its products even though he had no claim to the products.

54. Mr. Burley's breaches of the Agreement and related arrangements included (a) improperly changing bank account details, (b) diverting proceeds of sales, (c) distributing Grangers' products in the United States without Grangers' permission, and (d) disclosing Grangers' confidential information to competitors.

## GRANGERS OBTAINS JUDGMENTS AGAINST MR. BURLEY

55. On September 10, 2020, Grangers commenced the Foreign Action against Mr. Burley in the High Court. *See* Particulars of Claim, Exhibit A.

56. Grangers brought claims for (a) breach of agent's duty to account, (b) breach of contract, (c) conversion, and (d) wrongful control of accounts.

57. Mr. Burley was served with notice of the Foreign Action and all proceedings in the action, acknowledged service and had actual notice of the proceedings, and voluntarily appeared and participated in the proceedings on the merits other than for purposes of contesting jurisdiction.

58. After a hearing on the merits, in which Mr. Burley appeared and participated, Grangers obtained the two final Judgments against Mr. Burley (attached as Exhibits C and D), which remain completely unsatisfied.

## COUNT I—RECOGNITION OF A FOREIGN-COUNTRY JUDGMENT

59. Grangers re-alleges all prior allegations as if set forth fully herein.

60. England is a "foreign country" as defined in M.C.L. § 691.1132.

61. It was appropriate for the Foreign Action to be brought in England because the Agreement was "drawn under English Law and subject to the jurisdiction of the English Courts." *See* Agreement, Annex 1 to Exhibit A at p. 2.

62. The Judgments are foreign-country money judgments within the meaning of the Act and were properly entered by the High Court.

63. The Judgments order Mr. Burley to pay Grangers sums of money in the amounts of $48,000.00, $97,601.18, and £30,000.00, which amounts remain unpaid.

64. The Judgments are final, conclusive and enforceable against Mr. Burley under the law of England.

65. The High Court had subject matter jurisdiction over the Foreign Action that resulted in the Judgments.

66. The High Court had personal jurisdiction over Mr. Burley in the Foreign Action.

67. Mr. Burley voluntarily appeared in the Foreign Action, other than for the purpose of protecting property seized or threatened with seizure in the proceeding or of contesting the jurisdiction of the High Court over him.

68. Mr. Burley, before the commencement of the Foreign Action, agreed to submit to the jurisdiction of the High Court with respect to the subject matter involved under the forum selection clause in the Agreement, which provided that the Agreement is drawn under English law and subject to the jurisdiction of the English Courts.

69. Therefore, the Act applies and the Judgments must be recognized and enforced by this Court under M.C.L. §§ 691.1133(1) and 691.1134(1).

WHEREFORE, Grangers requests that this Court (a) enter an order declaring the Judgments in the Foreign Action are recognized and entitled to enforcement

under the Act and (b) enter judgment in Grangers' favor against Mr. Burley in the amount of $145,601.18 plus costs in the amount of £30,000.00 and interest.

DYKEMA GOSSETT PLLC

Dated: October 12, 2021  By: */s/John F. Rhoades*
Andrew J. Kolozsvary (P68885)
John F. Rhoades (P75575)
*Attorneys for Plaintiff*
*Grangers International Limited*
400 Renaissance Center
Detroit, Michigan 48243
(313) 568-6800
AKolozsvary@dykema.com
JRhoades@dykema.com

121763.000001
4826-0590-3614.5